# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEYSAL AYATI-GHAFFARI § | |
| § | Civil Action No. 4:18-CV-617 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| JP MORGAN CHASE BANK, N.A., ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 12, 2018, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that Defendant's Motion to Remand be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkts. #15; 18), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objections.

Plaintiff initiated suit in the 417th Judicial District Court, Collin County, Texas on August 8, 2013 (Dkt. #4-1). The state court denied Plaintiff's claims with prejudice on September 15, 2014. On April 13, 2015, Plaintiff purported to remove the suit from state court to the Eastern District of Texas. Plaintiff's case was remanded. Case No. 4:15-cv-248 (E.C.F. No. 25). Plaintiff appealed the remand; on December 16, 2015, the Fifth Circuit dismissed his appeal. Case No. 15-40701. The state court entered a final judgment on February 28, 2017; Plaintiff appealed the final judgment to the state appellate court. *Ayati-Ghaffari v. JPMorgan*

*Chase Bank, Nat'l Ass'n*, 05-17-00482-CV, 2018 WL 1602528 (Tex. App.—Dallas Apr. 3, 2018, pet. denied). The state appellate court affirmed the state court. *Id*. Plaintiff then appealed to the Texas Supreme Court. The Texas Supreme Court denied Plaintiff's petition for review, motion to stay the mandate, and motion for reconsideration (Dkts. #4-2; #4-3). On August 1, 2018, the state appellate court issued the mandate (Dkt. #4-4), and subsequently denied Plaintiff's motion to recall and correct the mandate (Dkt. #4-5). Plaintiff removed his case for a second time from the Texas Supreme Court to the Eastern District of Texas on August 28, 2018 (Dkt. #1). Defendant moved to remand on August 30, 2018 (Dkt. #4). Plaintiff filed a Notice of "Bankruptcy Automatic Stay" on September 17, 2018 (Dkt. #9). After considering the Parties' briefing regarding the impact of Plaintiff's suggestion of bankruptcy, on October 12, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that Defendant's Motion to Remand be granted (Dkt. #14). On October 24, 2018, Plaintiff filed his "Emergency Final-Plaintiff's Memorandum in Specific Opposition to Report & Recommendation & Order of 10/2-18/2018 & Failure to Join [Dkt.39] Because 'The Dog Ate the Mortgage'" (Dkt. #15) (emphasis omitted), and on December 18, 2018, Plaintiff filed "Plaintiff Objects to Onesided-Contrary to Law-Order 10/12/18 & 12/12/2018 To-Join for Missing Mortgage Discharge of 'The Dog ate the Mortgage' Lost-Note & Chase is No-Party-In-Interest & Case is Closed" (Dkt. #18) (emphasis omitted) (collectively, "Plaintiff's Objections").

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Here Plaintiff has stated objections as follows:

> Plaintiff files this Specific Final-Dismissal of the defendant-Confession of March 04, 2014 and demands the Court before Remand to simplify & avoid more confusion at this Final ending of all the three causes of following actions:
>
> I. 417-03108-2013 Feysal Ayati-Ghaffari v. JP Morgan Chase Bank, N.A. 4:18-cv-617
>
> II. 417-02714-2018 Feysal Ayati-Ghaffari v. JP Morgan Chase Bank, N.A. 4:18-cv-0483
>
> III. 417-04174-2018 Feysal Ayati-Ghaffari v. JP Morgan Chase, Bank, N.A. 4:18-cv-602
>
> Failure of Certified Mortgage Securitization Forensic Audit for Unbroken Chain of [] Transfers[.] Assignment was not attached to the foreclosure of 7/5/2013 (unenforceable). Plaintiff is defending unlawful-improper-three-foreclosures because Chase is in Failure to join. An unbroken chain of ownership must exist before a foreclosure (Trustee-Sale) can occure [sic].
>
> The defendants Chase concealed the truth past five solid years, and deceived the judicial systems[.]

(Dkt. #15 at pp. 1–2).[1] Plaintiff further objects that Defendant has failed to demonstrate that "it is the holder of the Note and therefore entitled to enforce the Note" (Dkt. #18 at p. 2).

Plaintiff's Objections are frivolous and wholly irrelevant to the issues addressed in the Report and Recommendation. "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). Plaintiff's Objections do not identify any specific issue of law or fact, among those set forth in the Magistrate Judge's Report and Recommendation, with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge. Therefore, Plaintiff's

---

[1] Insofar as Plaintiff's filing also objects to the Order Consolidating Cases docketed in Case Number 4:18-cv-483, the Court has addressed any such objections by separate order in those causes which were consolidated.

Objections fail to invoke his right to a de novo review of the Report and Recommendation. *See Ayati-Ghaffari v. Title Source, Inc.*, 4:14-CV-840, 2016 WL 386405, at *1 (E.D. Tex. Feb. 2, 2016).

Nonetheless, the Court has undertaken a complete de novo review of the Report and Recommendation; the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

The Court is not barred by the automatic stay from considering the instant Motion to Remand; "Plaintiff has fully exhausted all of his appellate rights, and 'a remand would place the Parties in no better or worse position, legally or financially, than the position they occupied at the time of removal.'" (Dkt. #14 at p. 5) (quoting *Lutterodt v. Potter*, 4:17-CV58-ALM-CAN, 2017 WL 9285373 (E.D. Tex. Mar. 31, 2017), *report and recommendation adopted,* 4:17-CV-58-ALM-CAN, 2017 WL 1505300 (E.D. Tex. Apr. 27, 2017)). Moreover, as set forth in the Report and Recommendation, removal of the instant action was improper for four reasons. First, Plaintiff was unable to remove the state court proceeding because the state appellate proceedings were exhausted prior to removal. *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 4:13-CV-035- Y, 2013 WL 12137755, at *3 (N.D. Tex. June 19, 2013), *aff'd sub nom.*, 775 F.3d 298 (5th Cir. 2014).

Second, a *defendant* may remove any civil action from state court to a district court of the United States which has original jurisdiction; therefore, Plaintiff was unauthorized to remove this lawsuit. *Horton v. Nacogdoches Ind. Sch. Dist.*, 81 F.Supp.2d 707, 710 (E.D. Tex. 2000); 28 U.S.C. § 1441. Third, because more than five (5) years have lapsed since the initiation of the instant suit and no amended pleading filed in the interim has made the case removable, Plaintiff's notice of removal is untimely. 28 U.S.C. § 1446(b) (the defendant must file a notice of removal within 30 days after service of the initial pleading or after the defendant's receipt of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable); *Board of Regents v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Finally, federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," but here, the claims at issue appear to arise under Texas law, and therefore, the Court lacks federal question jurisdiction over this matter. 28 U.S.C. § 1331; *Rodriguez v. Wells Fargo Bank, N.A.*, 4:13- CV-327-Y, 2013 WL 12137214, at *1 (N.D. Tex. June 11, 2013). Plaintiff's Objections are overruled.

## CONCLUSION

Having considered Plaintiff Feysal Ayati-Ghaffari's "Emergency Final-Plaintiff's Memorandum in Specific Opposition to Report & Recommendation & Order of 10/2-18/2018 & Failure to Join [Dkt.39] Because 'The Dog Ate the Mortgage'" (Dkt. #15), and "Plaintiff Objects to Onesided-Contrary to Law-Order 10/12/18 & 12/12/2018 To-Join for Missing Mortgage Discharge of 'The Dog ate the Mortgage' Lost-Note & Chase is No-Party-In-Interest & Case is Closed" (Dkt. #18), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #14) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Remand (Dkt. #4) is **GRANTED** and this case be **REMANDED** to the 417th District Court, Collin County, Texas.

**IT IS SO ORDERED**.

**SIGNED this 20th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE